# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DELBERT MOSELY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07-CV-1578 CAS |
| | ) | |
| S.K. HIGHSMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This closed case is before the Court on plaintiff's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). The motion will be denied.

## Background

Plaintiff, a prisoner, brought this suit under 42 U.S.C. § 1983 for alleged medical mistreatment. Plaintiff requested that defendant Highsmith, a dentist, place a filling in tooth #24. Highsmith evaluated plaintiff's mouth and found that tooth #21 was seriously infected with a large draining fistula.[1] The infection went down to the bone. Highsmith told plaintiff that tooth #24 could not be treated until the infected tooth was extracted. Defendants told plaintiff that the reason they wanted to extract the infected tooth before fixing tooth #24 was because "the dental service has a responsibility to treat the dental problem that has the potential as being more harmful to the plaintiff first." Approximately three months after he first sought treatment for tooth #24, Highsmith placed a crown on that tooth. Additionally, defendants continued to urge plaintiff to receive treatment for the infected tooth.

---

[1]Teeth 21 and 24 are located in the lower left jaw. http://www.ada.org/public/topics/tooth_number.asp (visited January 29, 2007).

The Court dismissed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because the allegations failed to state a claim under the Eighth Amendment for unconstitutional medical mistreatment.

**Plaintiff's Motion to Reconsider**

Plaintiff now moves the Court to reconsider its decision based on a case from the United States Court of Appeals for the Second Circuit, in which the Second Circuit found that an inmate with seemingly similar allegations as plaintiff stated a claim for unconstitutional medical mistreatment.

In Harrison v. Barkley, 219 F.3d 132 (2nd Cir. 2000), plaintiff "allege[d] that prison officials refused to treat a cavity in one tooth unless he consented to the extraction of another tooth, which was also diseased but which he nevertheless wished to keep." 219 F.3d at 134. The "other tooth" in Harrison's case was a "carious non-restorable tooth." Id. The non-restorable tooth was not causing Harrison any pain. Id. The dentist refused to treat the cavity plaintiff wanted fixed claiming that institutional policy required the dentists to treat the more serious condition first. Id. at 136. The prison officials refused to treat Harrison's tooth for "nearly a year," and they would have continued to refuse to treat his tooth indefinitely had they not been required to by a court order to provide treatment. Id. The court characterized defendants' conduct as: "(1) a flat refusal of medical treatment for a condition that if left untreated is serious and painful; or (2) a conditional refusal of such treatment, subject to Harrison's consent to undergo an unwanted medical procedure that would deprive him of a body part he wished to keep." Id. at 137. Of particular importance to the court was the fact that plaintiff had "only 14 of the normal complement of 32 teeth." Id. at 134. The court found that under such circumstances plaintiff had stated an Eighth Amendment claim of deliberate indifference and that defendants were not entitled to qualified immunity.

**Discussion**

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). "[C]laims of inadequate medical treatment which reflect a mere disagreement with [state] authorities over proper medical treatment do not state a claim of constitutional magnitude." Massey v. Hutto, 545 F.2d 45, 46 (8th Cir. 1976).

This case is not like Harrison because it does not involve, "(1) a flat refusal of medical treatment for a condition that if left untreated is serious and painful; or (2) a conditional refusal of such treatment, subject to [plaintiff]'s consent to undergo an unwanted medical procedure that would deprive him of a body part he wished to keep." 219 F.3d at 137. Unlike the prison officials in Harrison, who refused to give plaintiff the requested treatment until ordered by a court do so, the defendants in this case *voluntarily* fixed plaintiff's tooth before he filed this lawsuit. And they did so without requiring him to undergo the recommended but unwanted extraction. Additionally, defendants fixed plaintiff's tooth after only a delay of three months, which is a significantly shorter delay than Harrison suffered. As a result, the holding in Harrison is not applicable to this case.

Moreover, the complaint and attached documents do not show that defendants acted with "deliberate indifference." Defendants did not disregard plaintiff's medical needs. Instead, they repeatedly warned plaintiff that the infected tooth was a severe health threat that required treatment.

Finally, they put a crown on tooth #24 three months after he requested treatment while continuing to warn plaintiff that the infection was a serious risk that could cause bone loss and pain. As a result, the complaint fails to state a claim of violation of the Eighth Amendment. The Court will deny the motion to reconsider.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) is **DENIED**. [Doc. 8]

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 31st day of January, 2008.