# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DELBERT MOSELY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:07-CV-1578 CAS |
| S.K. HIGHSMITH, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This action is before the Court on defendants' motion to strike plaintiff's expert witness disclosure. Plaintiff opposes the motion. For the following reasons, the motion will be granted in part and denied in part.

Defendants seek to strike plaintiff's expert witness, Dr. Melanie Newbill, D.D.S., because plaintiff failed to provide an expert report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). The Case Management Order issued in this case on March 12, 2010 states: "Treating physicians shall be considered expert witnesses under Rule 26(a)(2) to the extent they give testimony as to causation or prognosis." Case Management Order [Doc. 70] at § I(b)(i); see also the undersigned's Judge's Requirements, http://www.moed.uscourts.gov/judges/cas.html.

Plaintiff opposes the motion, stating that Dr. Newbill is plaintiff's treating dentist, and as such "plaintiff anticipates that she will testify as to her treatment of plaintiff subsequent to his incarceration as well as his treatment in prison." Pl. Resp. at ¶ 3. Plaintiff states further that "in light of the circumstances, plaintiff's failure to provide a written report from Dr. Newbill is justified." Id. at ¶ 4.

To the extent Dr. Newbill intends to testify about her care and treatment of plaintiff or her diagnosis of plaintiff, she would not be considered an expert witness under the Case Management Order or the undersigned's Judge's Requirements. See Case Management Order [Doc. 70] at § I(b)(i); the undersigned's Judge's Requirements, http://www.moed.uscourts.gov/judges/cas.html. If, however, Dr. Newbill testifies regarding the care and treatment plaintiff received from other dentists, whether in prison or subsequent to his incarceration, Dr. Newbill would be considered an expert witness. See id.; see also Fed. R. Evid. 702. As such, plaintiff's expert disclosure must be accompanied by a written report pursuant to Rule 26(a)(2)(B). Based on plaintiff's expert disclosure and response to defendants' motion, it appears plaintiff seeks to elicit testimony from Dr. Newbill concerning the care and treatment plaintiff received from other dentists. For this reason, the Court will grant defendants' motion in part.

The Court is mindful that Dr. Newbill's testimony falls in the somewhat gray area between a treating physician's testimony concerning treatment and diagnosis and an expert's testimony concerning causation and prognosis. The Court is also mindful that plaintiff is being represented by court-appointed counsel. Pursuant to the Case Management Order, discovery remains open until December 10, 2010, and trial is not set until May 2, 2011. Further, based on plaintiff's response to defendants' motion, it appears that the parties have already modified their expert disclosure deadlines by mutual consent without Court approval. For these reasons, the Court would entertain a motion to extend the expert disclosure deadlines and discovery deadline if plaintiff seeks to designate Dr. Newbill as an expert witness and provide a written report pursuant to Rule 26(a)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to strike plaintiff's expert witness disclosure is **GRANTED in part** and **DENIED in part**. [Doc. 71] The motion is granted to the extent plaintiff seeks to elicit testimony from Dr. Newbill regarding the care and treatment rendered to plaintiff by other dentists or any testimony regarding causation or prognosis. The motion is denied in all other respects.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 29th day of October, 2010.