# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DELBERT MOSELY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:07-CV-1578 CAS |
| v. | ) |
| | ) |
| S.K. HIGHSMITH, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff's appointed counsel Mr. John R. Hamill III for compensation for services and reimbursement of out-of-pocket expenses. Counsel seeks reimbursement from the Attorney Admission Fee Non-Appropriated Fund for attorney's fees in the amount of $2,500.00 and expenses incurred for copying costs, postage, medical records, and service of process in the amount of $421.79. Counsel's request is accompanied by a billing log reflecting work performed and time expended. The billing log also lists expenses and advances, but the expense request is unaccompanied by any detailed receipts, invoices, or copies of checks.

**Attorney's Fees**

All applications for disbursement of funds from the Attorney Admission Fee Non-Appropriated Fund are governed by Local Rules 12.03 and 12.06, the Administrative Order of May 5, 2010 concerning the Attorney Admission Fee Non-Appropriated Fund, and the Regulations Governing the Disbursement of Funds from the Non-Appropriated Fund for Attorney's Fees and Out-of-Pocket Expenses Incurred by Attorneys Appointed to Represent Indigent Parties in Civil Proceedings Pursuant to 28 U.S.C. § 1915(e), dated May 5, 2010 (the "Regulations"). The

applicable Regulations provide that the maximum reimbursement for attorney's fees in any one case is two thousand five hundred dollars. See Regulations, §§ B.2, D.

The Court has reviewed the submitted billing log and determines that the time claimed for attorney's fees was expended and was appropriate and reasonable. The Court will order compensation for attorney's fees in the amount of $2,500.00.

**Out-Of-Pocket Expenses**

With respect to out-of-pocket expenses, the Regulations provide that "[a]ny Request seeking reimbursement of out-of-pocket expenses shall be accompanied by sufficient documentation to permit the Court to determine that the amounts claimed for expenses were actually paid out." Regulations, § E. Plaintiff's counsel seeks reimbursement for copying costs, postage, costs associated with service, and costs associated with medical records. The Request is not accompanied by any documentation that would permit the Court to determine that these expenses were "actually paid out," e.g., invoices, bills, checks, etc. The Court will deny without prejudice plaintiff's counsel's request for out-of-pocket expenses. The Court encourages counsel to re-file the request with the appropriate documentation.

Accordingly,

**IT IS HEREBY ORDERED** that counsel's motion for attorney's fees and costs is **GRANTED in part** and **DENIED without prejudice in part**. The motion is **GRANTED** as to counsel's request for attorney's fees and **DENIED without prejudice** as to counsel's request for out-of-pocket expenses. [Doc. 85]

**IT IS FURTHER ORDERED** that appointed counsel's reimbursement of attorney's fees is **GRANTED** in the amount of Two Thousand Five Hundred Dollars ($2,500.00).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall promptly disburse the sum of Two Thousand Five Hundred Dollars ($2,500.00) from the Attorney Admission Fee Non-Appropriated Fund, payable to:

> Mr. John R. Hamill, III
> BARKLAGE AND BRETT
> 211 N. Third Street
> St. Charles, MO 63301

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 1st day of April, 2011.