UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DELBERT MOSELY, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:07-CV-1578 CAS |
| S.K. HIGHSMITH, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's pro se motion for reconsideration. In his motion, plaintiff asks the Court to reconsider its Memorandum and Order dated March 28, 2011 in light of Strickland v. Washington, 466 U.S. 668, 687 (1984) and Caminetti v. United States, 242 U.S. 470 (1917). Plaintiff filed his motion for reconsideration on April 19, 2011. On April 4, 2011, however, plaintiff filed a Notice of Appeal of the Court's Memorandum and Order dated March 28, 2011.

The Supreme Court has instructed that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). The Eighth Circuit has often cited this principle with approval. See, e.g., Ahlberg v. Chrysler Corp., 481 F.3d 630, 638 (8th Cir. 2007) (citing Griggs); State ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1106 (8th Cir.) (same), cert. denied, 527 U.S. 1039 (1999). The application of this principle "provides a bright-line jurisdictional rule to prevent duplicative waste of resources, to reduce uncertainty and unnecessary

litigation and to avoid inconsistent determinations" in multiple fora. McCauley v. Halliburton Energy Servs., 413 F.3d 1158, 1162 (10th Cir. 2005).

Plaintiff's filing of his Notice of Appeal on April 4, 2011 divested this Court of jurisdiction over all matters relating to the appeal. Because this Court does not have jurisdiction or authority to consider plaintiff's motion for reconsideration of its March 28, 2011 Memorandum and Order, it will deny plaintiff's motion for reconsideration. Likewise, the Court will deny as moot plaintiff's motion to correct a clerical (spelling) error in his motion for reconsideration.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the Court's Memorandum and Order dated March 28, 2011 is **DENIED**. [Doc. 99]

**IT IS FURTHER ORDERED** that plaintiff's pro se motion to correct clerical (spelling) error in his motion for reconsideration is **DENIED as moot**. [Doc. 101]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 28th day of April, 2011.